Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| SUMMA AMERICAN GROUP LTD<br><br>RECURRIDO<br><br>v.<br><br>GOLDEN RETREAT LLC<br><br>PETICIONARIA | TA2026CE00031 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2025CV04849<br><br>Sobre: Incumplimiento de Contrato, Cobro de Dinero-Ordinario |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 23 de febrero de 2026

### I.

El 9 de enero de 2026, la compañía Golden Retreat LLC (Golden Retreat o parte peticionaria) presentó un recurso de *Certiorari* en el que solicitó que revoquemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario), el 20 de noviembre de 2025, notificada digitalmente y archivada en autos el mismo día.[1] Mediante dicho dictamen, el TPI declaró No Ha Lugar una *Moción de Enmienda a Contestación a Demanda* presentada por la peticionaria. Determinó que, Golden Retreat no puso en posición al tribunal para autorizar la enmienda a la Contestación de la Demanda solicitada, al no indicar qué documento y/o contenido no tuvo anteriormente que da base a que se autorice una enmienda a la contestación a la demanda, para plantear la defensa de prescripción.

---

[1] Véase entrada núm. 22 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

El 15 de enero de 2026, notificada y archivada el 16 de enero de 2026, emitimos una Resolución en la que le concedimos hasta el 26 de enero de 2026 a la parte recurrida para exponer su posición sobre los méritos del recurso.[2]

El 26 de enero de 2026, la parte recurrida presentó un *Memorando en Oposición a Expedición de Certiorari* en la que solicitó que deneguemos la expedición del recurso.[3]

Contando con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso. En adelante, pormenorizamos los hechos procesales pertinentes a la atención de la petición de *certiorari.*

## II.

El caso de marras tuvo su génesis el 2 de junio de 2025, cuando Summa America Group LTD (Summa o la parte recurrida) presentó una Demanda sobre incumplimiento de contrato y cobro de dinero contra Golden Retreat.[4] En síntesis, alegó que, el 1 de noviembre de 2015, Golden Retreat y Summa suscribieron un Acuerdo en donde Summa ofrecería a Golden Retreat servicios para la construcción y desarrollo de un complejo además de un centro de bienestar, los cuales dividieron en una fase de pre-construcción y una fase de construcción.

Indicó que, para la fase de pre-construcción, Golden Retreat acordó pagar a Summa la cantidad de $2,000.00 mensuales durante los primeros dos meses, comenzando en noviembre del año 2015, $12,000.00 mensuales para el periodo de enero a junio de 2016, $8,000.00 mensuales para el periodo de julio a diciembre de 2016, y también, pagar los gastos y costos. Por otra parte, manifestó que para la fase de construcción, Golden Retreat acordó pagar a Summa

---

[2] Véase entrada núm. 2 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[3] Íd., entrada núm. 3 en SUMAC-TA.
[4] Véase entrada núm. 1 del expediente digital del caso en el SUMAC-TPI.

la cantidad total de $640,000.00, en un periodo de treinta meses con un pago mensual de $21,333.33, y cualquier otro gasto y costo incurrido en ese periodo. Alegó, además, que Summa ofreció servicios entre los meses de agosto de 2016 hasta julio de 2017, sin que Golden Retreat pagara los servicios ofrecidos para dicho periodo, los cuales ascendían a un total de $100,048.58. Sin embargo, manifestó que, Golden Retreat reconoció la cantidad adeudada mediante comunicaciones del 31 de julio de 2020 y 28 de septiembre de 2023, y que debido al incumplimiento de la peticionaria con sus obligaciones, el contrato quedó resuelto entre las partes. Ante ello, sostuvo que Golden Retreat le adeuda a Summa la cantidad de $100,053.78 por concepto de servicios prestados.

El 26 de agosto de 2025, la parte peticionaria presentó una contestación a la demanda.[5] En síntesis, negó que Golden Retreat brindó servicios a Summa en el periodo entre agosto de 2016 hasta julio de 2017. Asimismo, negó que adeudara la cantidad de $100,048.58 por servicios ofrecidos en dicho periodo y, que hubiese reconocido la deuda en comunicaciones con fechas del 31 de julio de 2020 y 28 de septiembre de 2023. Por otra parte, alegó afirmativamente que los servicios pactados entre las partes no fueron rendidos, y los servicios cobrados son excesivos y no representan los servicios ofrecidos.

Tras varios trámites procesales, el 3 de noviembre de 2025, la parte peticionaria presentó una *Moción de Enmienda a Contestación a Demanda*, al amparo de la Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.1.[6] En síntesis, solicitó que el TPI autorizara enmendar la contestación a la demanda a los fines de incorporar la defensa afirmativa de prescripción y para refutar cualquier planteamiento de interrupción a la prescripción, dado el recibo de

---

[5] Íd., entrada núm. 8 en SUMAC-TPI.
[6] Íd., entrada núm. 16 en SUMAC-TPI.

una producción de documentos, como parte del descubrimiento de prueba, antes no disponible en el récord de la peticionaria. Arguyó, además, que dado que el litigio se encontraba en una etapa temprana, la enmienda no causaría perjuicio alguno, ni la dilación de los procesos.

El 20 de noviembre de 2025, la parte recurrida presentó una *Oposición a que se Permita Enmendar la Contestación a la Demanda*.[7] En esta, sostuvo que se oponía a la enmienda a la contestación de la demanda propuesta por la parte peticionaria, dado que de las alegaciones en la Demanda surgían los hechos a los que Golden Retreat se refirió en su solicitud de enmienda, y no fue hasta el intercambio de documentos como parte del Informe para el Manejo del Caso, que esta alegó que advino en conocimiento de la aplicación de la defensa de prescripción. Además, reiteró que la parte recurrida apercibió a la peticionaria en la Demanda de tales hechos, específicamente en los párrafos 3, 7 y 9 de la reclamación. Por lo que, argumentó que al no haber levandado dicha defensa en su Contestación a la Demanda, Golden Retreat renunció a la misma.

Consecuentemente, el 20 de noviembre de 2025, el foro primario emitió una *Orden* en la que declaró No Ha Lugar la Moción de Enmienda a la Contestación a Demanda.[8] En síntesis, resolvió que, la parte peticionaria no puso en posición al tribunal para autorizar la enmienda solicitada, dado que en la moción se hizo una mención genérica sobre una producción de documentos que justificaba plantear la defensa de prescripción, pero no indicaba a qué documento se refería ni el contenido que alegaba no tuvo anteriormente y que daba base a autorizar una enmienda a la contestación a la demanda.

---

[7] Íd., entrada núm. 21 en SUMAC-TPI.
[8] Íd., entrada núm. 22 en SUMAC-TPI.

El 11 de diciembre de 2025, la parte peticionaria presentó una *Moción Enmendada RE: Enmienda a Contestación a Demanda*[9]. Mediante esta, anejó al récord las cartas con fecha del 7 de julio de 2020 y del 25 de septiembre de 2023 producidas por la parte recurrida y que alegadamente no obraban en los expedientes de Golden Retreat previamente. Ello, dado a la Orden emitida el 20 de noviembre de 2025, donde el TPI entendió que la parte recurrida no puso al tribunal en posición de adjudicar el asunto, toda vez que no se detallaban los documentos a los que hizo referencia en su solicitud de enmienda. Además, aludió que debido a que dicha evidencia se hizo disponible a la peticionara posterior a la presentación de la contestación a la demanda, era viable el plantear la defensa de prescripción y, por lo tanto, la enmienda a la contestación a demanda a tales fines.

El 12 de diciembre de 2025, el TPI emitió una *Resolución y Orden*,[10] en la que acogió la moción de la parte peticionaria como una reconsideración, declarando No Ha Lugar la misma. Determinó que, la moción no atendía lo que señaló el tribunal mediante orden previa, y que solo sometió los documentos para su interpretación. Expuso, además, que la peticionaria no discutió cuál fue la información nueva que contenían los documentos anejados para levantar la defensa de prescripción y que, aun si se hubiera adentrado al contenido de los documentos, las fechas iban acorde con la alegación en el párrafo número 7 de la demanda. En consecuencia, ordenó la continuación de los procedimientos.

Inconforme con la determinación del TPI, el 9 de enero de 2026, Golden Retreat presentó el recurso de *certiorari* de epígrafe en que formuló los siguientes señalamientos de error:

---

[9] Íd., entrada núm. 25 en SUMAC-TPI.
[10] Íd., entrada núm. 26 en SUMAC-TPI.

**Erró el TPI al denegar la solicitud de Golden para enmendar su contestación a la demanda, presentada de forma oportuna y en una etapa temprana del litigio, al aplicar un estándar incorrecto y excesivamente restrictivo contrario a la Regla 13 de Procedimiento Civil, sin evaluar el estado real del caso ni la ausencia total de perjuicio, y ciertamente de perjuicio sustancial, para la parte recurrida SUMMA, incurriendo así en un claro abuso de discreción.**

**Erró el TPI adelantar indebidamente su juicio sobre la defensa afirmativa propuesta, exigiendo a Golden un nivel de especificidad probatoria impropio de una contestación a la demanda en una etapa inicial.**

Golden Retreat alegó que el foro primario erró al denegar una solicitud de enmienda presentada por la parte peticionaria de forma oportuna y en una etapa temprana del litigio. Por ello, adujo que el TPI aplicó un estándar incorrecto y excesivamente restrictivo que no respondía a los fines de la Regla 13 de las de Procedimiento Civil, *supra*, R.13, y se apartó de la política pública procesal que favorece la liberalidad en las enmiendas. Ello, al evaluar la solicitud adelantando indebidamente un juicio sobre la procedencia de la defensa afirmativa propuesta, en lugar de evaluar la solicitud a la luz del estado real del trámite procesal y de la ausencia de perjuicio para la parte recurrida. Asimismo, sostuvo que, la solicitud de enmienda se presentó apenas semanas después de reanudarse los procedimientos, antes de celebrarse la conferencia inicial y que se estableciera un calendario en el caso y de que se iniciara el descubrimiento de prueba. Por lo cual, arguyó que, al TPI denegar la solicitud de enmienda presentada en estas circunstancias, procede la revocación de la Orden emitida el 20 de noviembre de 2025.

Por su parte, el 26 de enero de 2026, la recurrida presentó un *Memorando en Oposición a Expedición de Certiorari*. Sostuvo que, las

alegaciones de la Demanda reflejaban que la peticionaria estaba apercibida de la fecha de de contratación, todas las fechas de servicios que fueron ofrecidos y las comunicaciones que le permitían cualquier necesidad de levantar la defensa de prescripción. Además, adujo que, la peticionaria no advino en conocimiento de hechos o información nueva a través de los documentos producidos. Por lo que, arguyó que la determinación del TPI no fue contraria a derecho ni un abuso de discreción o fracaso a la justicia al denegar la solicitud de enmienda a la Contestación a la Demanda.

En adelante, pormenorizamos el derecho aplicable al presente recurso.

### III.

### A.

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Es en esencia un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por el tribunal inferior. *supra*, pág. 729. Una característica distintiva del auto de *certiorari* es que se asienta en la discreción delegada al tribunal revisor para autorizar su expedición y adjudicación. ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 338 (2012). No obstante, nuestra discreción debe ejercerse de manera razonable, y siempre procurar lograr una solución justa. ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 98 (2008).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V R.52.1,[11] establece las instancias en las que el foro revisor posee autoridad

---

[11] Esta Regla dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedio por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la

para expedir un auto de certiorari sobre materia civil. ***Scotiabank v. ZAF Corp. et al.,*** 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de certiorari que se trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. **Mun. Caguas v. JRO Construction, Inc.,** 201 DPR 703 (2019).

Si el auto sobre el cual versa el recurso de certiorari está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo análisis. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, ***In re Aprob. Enmdas. Reglamento TA,*** 2025 TSPR 141, pág. 63, 216 DPR __ (2025), establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[12]

---

denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

[12] Esta Regla dispone lo siguiente:
El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". ***Rodríguez v. Pérez***, 161 DPR 637, 651 (2004); ***Banco Metropolitano v. Berríos***, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". ***Citibank et al. v. ACBI et al.***, 200 DPR 724, 735 (2018); ***García López y otro v. E.L.A.***, 185 DPR 371 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". ***Citibank et al. v. ACBI et al.***, *supra*; ***Medina Nazario v. McNeil Healthcare LLC***, *supra*, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". ***Hietel v. PRTC***, 182 DPR 451, 459 (2011); ***Pueblo v. Rivera Santiago***, 176 DPR 559, 580 (2009); ***Negrón v. Srio. de Justicia***, 154 DPR 79, 91 (2001); ***Bco. Popular de P.R. v. Mun. de Aguadilla***, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". ***Citibank et al. v. ACBI et al.***, *supra*, pág. 735. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó

---

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". ***Citibank et al. v. ACBI et al.***, *supra*, pág. 736. Véase, además, ***Trans-Oceanic Life Ins. v. Oracle Corp.***, 184 DPR 689, 709 (2012); ***Lluch v. España Service Sta.***, 117 DPR 729, 745 (1986).

**B.**

Según establece la Regla 1 de Procedimiento Civil, *supra*, R. 1, las Reglas de Procedimiento Civil deben ser interpretadas de forma que "faciliten el acceso a los tribunales y el manejo del proceso, de forma que garanticen una solución justa, rápida y económica". Siguiendo ese mismo espíritu, nuestro Tribunal Supremo ha delineado una clara política pública de que los casos deben ventilarse en los méritos. ***Colón Rivera v. Wyeth Pharm.,*** 184 DPR 184, 198 (2012); ***Rivera et al. v. Superior Pkg, Inc. et al.,*** 132 DPR 115, 124 (1992).

Por lo anterior, en el contexto de las enmiendas a las alegaciones, tanto las Reglas de Procedimiento Civil, *supra*, como la doctrina interpretativa favorecen su autorización. Regla 13.1 de Procedimiento Civil, *supra*; ***Colón Rivera v. Wyeth Pharm***., supra; ***S.L.G. Font Bardón v. Mini-Warehouse***, 179 DPR 322 (2010). En concreto, la Regla 13.1 de Procedimiento Civil, *supra*, dispone lo siguiente:

> Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva, o si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. **En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; y el permiso se concederá liberalmente cuando la justicia así lo requiera.** La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte

(20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal de otro modo lo ordene. (Énfasis nuestro).

Así, esta Regla establece una directriz respecto a la concesión liberal de este remedio, disponiendo que se procede autorizarlo "cuando la justicia así lo requiera". ***S.L.G. Sierra v. Rodríguez,*** 163 DPR 738, 747 (2005). Además, concede discreción al tribunal para determinar la procedencia de la enmienda a las alegaciones y, como norma general, favorece que se conceda. Íd.

Para guiar a los tribunales en la evaluación de solicitudes para enmendar las alegaciones, nuestro más alto foro ha diseñado los siguientes criterios: (1) el impacto del tiempo transcurrido previo a la enmienda; (2) la razón de la demora; (3) el perjuicio a la otra parte y (4) la procedencia de la enmienda solicitada. ***León Torres v. Rivera Lebrón***, 204 DPR 20, 35-36 (2020); ***S.L.G. Font Bardón v. Mini-Warehouse***, supra, pág. 334; ***S.L.G. Sierra v. Rodríguez***, supra, pág. 748. Estos criterios deben ser analizados en conjunto. ***S.L.G. Sierra v. Rodríguez***, supra, págs. 749-750. Sin embargo, el factor más importante, determinante y de mayor relevancia es el perjuicio indebido que la enmienda pueda causar a la parte contraria, sin que ello signifique que los demás elementos no deban ser considerados. ***Colón Rivera v. Wyeth Pharm***., supra, pág. 204; ***S.L.G. Sierra v. Rodríguez***, supra, pág. 750.

En ese análisis, debe considerarse que ocurre un perjuicio indebido cuando la enmienda: "(1) cambia sustancialmente la naturaleza y el alcance del caso, convirtiendo la controversia inicial en tangencial, u (2) obliga a la parte contraria a incurrir en nuevos gastos, alterar su estrategia en el litigio o comenzar nuevo descubrimiento de prueba". ***Colón Rivera v. Wyeth Pharm***., supra, pág. 204. Por eso, se ha teorizado que el perjuicio debe ser indebido en el "sentido de que coloque a la parte contraria en una situación

de desventaja respecto a lo que es el trámite ordenado del litigio". Íd., pág. 200, citando a W. Vázquez Irizarry, *Procedimiento Civil*, 75 Rev. Jur. UPR 175, 197 (2006).

Por el contrario, un mero cambio de teoría en las alegaciones no constituye perjuicio indebido. ***S.L.G. Font Bardón v. Mini-Warehouse,*** supra, pág. 336. Asimismo, el tiempo transcurrido entre la presentación de la *Demanda* original y la enmienda propuesta, por sí solo, tampoco causa perjuicio indebido. ***Colón Rivera v. Wyeth Pharm***., supra, pág. 199; ***S.L.G. Sierra v. Rodríguez,*** supra, pág. 749.

**IV.**

En el caso de marras, Golden Retreat nos solicita que revoquemos la determinación del TPI mediante la cual declaró No Ha Lugar la solicitud de enmienda a la Contestación de la Demanda para incorporar la defensa afirmativa de prescripción.

Tras un análisis objetivo, sereno y cuidadoso del expediente y de la petición de *certiorari*, y a la luz de los criterios esbozados en la Regla 52.1 de Procedimiento Civil, *supra*, y en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que procede expedir el auto de *Certiorari* y revocar la *Orden* recurrida que denegó la solicitud de enmienda a las alegaciones de la contestación a la demanda.

Un examen sosegado del expediente del caso, y a la luz de los factores esbozados en la jurisprudencia, entendemos que estamos en una etapa temprana en el caso de autos y no existe perjuicio alguno para la parte recurrida de autorizar la enmienda. Máxime, cuando la solicitud de enmienda fue presentada previo a la Conferencia Inicial, a una orden de calendarización y a finalizar el descubrimiento de prueba. Así también, previo a la *Orden de*

*Calendario*[13] producto de la Conferencia Inicial, la cual establece términos amplios para llevarse a cabo el descubrimiento de prueba y la presentación de mociones dispositivas. Por lo cual, el permitirse la enmienda peticionada no encarece ni prologa el trámite procesal del caso.

Además, la peticionaria expuso que la razón para la solicitud de enmienda a la contestación de la demanda surgió <u>luego</u> de un intercambio de prueba, que no se encontraba en los récords de esta, durante la preparación del Informe para el Manejo del Caso, causa por la cual, no incluyó la defensa afirmativa de prescripción al inicio del pleito.

De otro lado, la parte recurrida fundamentó en su oposición a la expedición de *certiorari* que la peticionaria no advino en conocimiento de hechos o información nueva a través de los documentos producidos durante la preparación del Informe para el Manejo del Caso y reiteró que la Demanda establecía las fechas para las cuales decursaba cualquier término prescriptivo. Por tanto, arguye que procede denegar la expedición del auto de *certiorari*.

Es norma de derecho reiterada y establecida que, ante una solicitud para enmendar las alegaciones, es importante evaluar el perjuicio que puede causarse a la parte contraria: "Éste debe ser el factor determinante, puesto que carece de importancia el tiempo que haya pasado desde la presentación original de la demanda o la naturaleza de la enmienda, si ésta resulta inocua a la justicia o a la parte contraria". ***S.L.G. Sierra v. Rodríguez***, supra, pág. 750.

Según pormenorizado precedentemente, ocurre un perjuicio indebido cuando la enmienda cambia sustancialmente la naturaleza y el alcance del caso, o cuando esta obliga a la parte contraria a incurrir en nuevos gastos, alterar su estrategia en el litigio o

---

[13] Véase entrada núm. 27 del expediente digital del caso en el SUMAC-TPI.

comenzar nuevo descubrimiento de prueba. Sin embargo, en el presente caso, la enmienda solicitada es únicamente para plantear la defensa de prescripción en una etapa temprana en el litigio, de modo que no altera la naturaleza y alcance de este caso. De igual forma, no debe obligar a la parte recurrida a incurrir en nuevos gastos, así como tampoco alterar la estrategia legal del caso, puesto que es una etapa temprana en el litigio y el descubrimiento de prueba aún no ha finalizado, así como el resto de los procedimientos establecidos en la calendario del caso de autos.

Finalmente, resolvemos que la enmienda solicitada por la parte peticionaria, para incorporar la defensa de prescripción en la contestación a la demanda, no representa un perjuicio indebido a la parte recurrida como lo sería el no expedir el presente recurso.

Por todo lo anterior, concluimos que el TPI incurrió en el error señalado y erró al denegar la enmienda solicitada. Por lo que, se permite la enmienda a la contestación a la demanda peticionada.

## V.

Por los fundamentos que anteceden, se expide el auto de *Certiorari* y se revoca la *Orden* emitida por el TPI el 20 de noviembre de 2025, la cual declara No Ha Lugar la solicitud de Enmienda a la Contestación a la Demanda, a los efectos de que se permita la incorporación de la defensa afirmativa de prescripción en la contestación a la demanda, según peticionada. En consecuencia, se devuelve el caso al foro primario para la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones